BERNARD WALKER *v.* DANA SUPEAU ET AL.
(AC 33687)

DiPentima, C. J., and Beach and Sheldon, Js.

Argued February 8—officially released March 27, 2012

*Bernard Walker,* pro se, the appellant (plaintiff).

*Paul S. Bailin,* with whom, on the brief, was *Gabriel J. Jiran,* for the appellee (named defendant).

*Kirsten S. P. Rigney,* assistant attorney general, for the appellee (defendant Miriam Mendoza).

*Opinion*

PER CURIAM. In this action, wherein the self-represented plaintiff, Bernard Walker, seeks damages from the defendants, Dana Supeau and Miriam Mendoza, for an alleged violation of General Statutes § 46a-70, the plaintiff appeals from the trial court's judgment granting the defendants' motion to dismiss his complaint for noncompliance with General Statutes § 52-46a.[1] Under § 52-46a, the plaintiff in any civil action for damages, including the plaintiff's present action, must return process in that action to the clerk of the Superior Court not later than six days before the return day in that action. Failure to do so will result in dismissal of the action for lack of personal jurisdiction; see *Lostritto* v.

---

[1] General Statutes § 52-46a provides in relevant part: "Process in civil actions returnable to the Supreme Court shall be returned to its clerk at least twenty days before the return day and, if returnable to the Superior Court . . . to the clerk of such court at least six days before the return day."

*Community Action Agency of New Haven, Inc.*, 269 Conn. 10, 31, 848 A.2d 418 (2004); without reaching the merits of the plaintiff's underlying claims, if the defendants file a timely motion to dismiss pursuant to Practice Book § 10-31.[2]

In this action, although the return day selected by the plaintiff was May 17, 2011, he did not cause process in the action to be returned to the Superior Court until May 31, 2011, twenty days *after* the statutory deadline for that purpose had come and gone. In response to the defendants' timely motion to dismiss filed pursuant to Practice Book § 10-31, the court properly dismissed the action for lack of personal jurisdiction, without ever considering, much less ruling on, the merits of the plaintiff's underlying claims. Accordingly, there is no error.

The judgment is affirmed.

---

[2] Practice Book § 10-31 (a) provides in relevant part: "The motion to dismiss shall be used to assert . . . (2) lack of jurisdiction over the person . . . ." A motion to dismiss based on lack of personal jurisdiction must be filed within thirty days of the filing of an appearance. See Practice Book § 10-30.